...

Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 14-32582-rld7 |
| RYAN CHRISTOPHER YARBER | ) |
| ALLANIA SHARDAY YARBER, | ) |
| | ) MEMORANDUM OPINION |
| Debtors. | ) |

The chapter 7[1] trustee Stephen Arnot ("Trustee") objected ("Objection") to the exemption claimed by the debtors Ryan and Allania Yarber (collectively, "Debtors") in an $8,500 bail bond deposit ("Deposit") made prepetition to the Washington County Sheriff's office. The parties filed legal memoranda and a "Stipulated Statement of Undisputed Material Facts" ("Stipulated Facts") with respect to this contested matter. At a hearing on the Objection on October 21, 2014 ("Hearing"), after confirming some additional facts, the court overruled

---

[1] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532; all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037; and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Page 1 - MEMORANDUM OPINION

the Objection orally. This Memorandum Opinion sets forth the court's findings of fact and conclusions of law under Civil Rule 52(a), applicable with respect to this contested matter under Rules 7052 and 9014.

## FACTUAL BACKGROUND

The relevant facts are few and undisputed. The Debtors filed their chapter 7 petition on May 2, 2014. In the schedules filed contemporaneously with their petition, the Debtors listed and clearly identified the Deposit on their Schedule B and claimed an exemption in the Deposit in their Schedule C under § 522(d)(5).[2] The Debtors subsequently amended their Schedules B and C on July 17, 2014, but again, clearly identified the Deposit on their amended Schedule B and claimed the Deposit as exempt under § 522(d)(5) in their amended Schedule C.

In the meantime, on July 7, 2014, the Trustee filed the Objection, arguing that under § 522(g), the Debtors could not exempt the Deposit voluntarily transferred to Washington County prepetition. Section 522(g)(1) provides in relevant part that:

> [T]he debtor may exempt . . . property that the trustee recovers under [various sections] of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if – (1)(A) such transfer was not a voluntary transfer of

---

[2] The Debtors consistently claimed federal exemptions under § 522(d) in their Schedule C, as authorized under current Oregon law. See ORS § 18.300. Section 522(d)(5) provides an exemption for "[t]he debtor's aggregate interest in any property, not to exceed in value $1,225 plus up to $11,500 of any unused amount of the exemption provided under paragraph (1) of this subsection." There is no issue in this case as to the amount of the Deposit fitting within the § 522(d)(5) exemption amount limits.

Page 2 - MEMORANDUM OPINION

> such property by the debtor; and (B) the debtor did
> not conceal such property . . . .

In light of the Debtors' disclosure of the Deposit from day one in their schedules, concealment is not an issue. Accordingly, the focus is on whether the Debtors' prepetition transfer of the Deposit to the Washington County Sheriff's office was voluntary.

In their Response to the Objection filed on July 28, 2014, the Debtors argued that a debtor's exemption claims should be interpreted liberally and argued that, "Deposit of a bail bond with a court or jail is not a transfer to a creditor. Bail is simply an amount of money deposited or pledged to a court to persuade the court to release a defendant from custody and to secure the defendant's appearance at all required hearings and trial." See Docket No. 15, at 2. The Debtors analogized the Deposit to an exempt security deposit held by a landlord, citing Sticka v. Casserino (In re Casserino), 379 F.3d 1069 (9th Cir. 2004).

The Trustee filed a Reply on September 16, 2014, noting that there was no dispute that the Debtors had transferred the Deposit to Washington County and argued that by voluntarily transferring the otherwise exempt Deposit, the Debtors effectively waived their exemption claim. See Fox v. Smoker (In re Noblit), 72 F.3d 757, 758 (9th Cir. 1995). The Trustee further argued that he could recover the Deposit for the benefit of the bankruptcy estate under § 542, even though, as yet, he had not done so. Finally, the Trustee argued that the Ninth Circuit's decision in In re Casserino was both "factually inapposite" and not relevant to the legal issues addressed in the Objection. See Docket No.

Page 3 - MEMORANDUM OPINION

20, at 1-2.

The parties filed the Stipulated Facts on September 26, 2014. See Docket No. 24.

At the Hearing, counsel for the Debtors confirmed, without dispute from the Trustee, that the Debtors paying the Deposit by certified funds to the Washington County Sheriff's office on or about June 13, 2013, was the only way that Mr. Yarber could avoid being incarcerated on a criminal claim, that subsequently was dropped.

## JURISDICTION

I have jurisdiction to resolve the issues raised by the Objection under 28 U.S.C. §§ 1334, 157(b)(1) and 157(b)(2)(B).

## DISCUSSION

The Debtors do not contest that the Trustee would have the authority to recover the transfer of the Deposit under § 542, and it is undisputed that the Debtors did not conceal either the Deposit or its transfer. Therefore, the only issue for the court to decide is whether the Debtors' transfer of the Deposit to the Washington County Sheriff's office prepetition was "voluntary" for purposes of § 522(g)(1)(A).

I cannot find that transferring the Deposit to the sheriff's office specifically to keep Mr. Yarber from being incarcerated constituted a voluntary transfer. There was nothing about the transfer of the Deposit that was voluntary other than the fact that the Debtors made it. I therefore conclude that it was not voluntary.

The term "voluntary" with respect to transfers is not defined in the Bankruptcy Code; so, its interpretation varies depending on the facts presented. "For example, in most instances, the granting of a

Page 4 - MEMORANDUM OPINION

mortgage or security interest in the debtor's property is voluntary. . . . At the other end of the extreme, a payment to a creditor to obtain the release of a wage garnishment is an involuntary transfer." 4 Collier on Bankruptcy ¶ 522.12[2][b], at 522-114 (Alan N. Resnick & Henry J. Sommer eds, 16th ed. 2014). See, e.g., Via v. Colonial American Nat'l Bank (In re Via), 107 B.R. 91, 94-95 (Bankr. W.D. Va. (1989) (transfer involuntary where debtor responded to a garnishment notice by obtaining a loan to pay the creditor in order to avoid garnishment). Comparing the threat of garnishment to the threat of incarceration, if anything, the essential involuntariness of the transfer in this case is even stronger than in In re Via.

My ultimate conclusion is that the Debtors' prepetition transfer of the Deposit to the Washington County Sheriff's office in lieu of a bail bond to keep Mr. Yarber out of jail was not a voluntary transfer for purposes of § 522(g)(1)(A), and I overrule the Objection. The court will prepare the order overruling the Objection for the reasons stated in this Memorandum Opinion.

###

cc: Jacob D. Braunstein, Esq.
Stephen P. Arnot, Trustee